1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCUS J. BARNHARDT,

11             Plaintiff,                    No. 1:07-CV-0539 ALA P

12        vs.

13   JAMES TILTON, et al.,

14             Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff Marcus Barnhardt is a state prisoner proceeding pro se and in forma pauperis in

17   this civil rights actions pursuant to 42 U.S.C. § 1983.  On April 6, 2007, plaintiff filed a

18   complaint alleging a violation of plaintiff's constitutional rights by defendants.  Review of that

19   complaint finds that defendants are employees of a governmental entity.

20                                           **I**

21        Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

22   complaints brought against a governmental entity or officer or employee of a governmental

23   entity.  The court must dismiss the complaint if the claims contained in it, even when read

24   broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted,

25   or seek money damages from a defendant who is immune from such relief.  28 U.S.C. §

26   915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke*

     *v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept

1  [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court

2  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

3  that could be proved consistent with the allegations."  *Id.*

4  "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

5  complained of was committed by a person acting under color of state law; and (2) that the

6  conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*,

7  466 F.3d 676, 689 (9th Cr. 2006).

8  **II**

9  Plaintiff alleges that a former doctor ordered plaintiff, who is an insulin dependent

10  diabetic, have an insulin pump implanted and that plaintiff be housed in a medical facility.

11  Complaint at 4.  Named as defendants are James Tilton, Secretary of the California Department

12  of Corrections, James Yates, Warden of Pleasant Valley State Prison, Doctor Igbinosa, Chief

13  Medical Officer of Pleasant Valley State Prison, and Doctor Bryan Hui Phi, a contracted

14  physician.  *Id*. at 2-3

15  "'The unnecessary and wanton infliction of pain upon incarcerated individuals under

16  color of law constitutes a violation of the Eight Amendment.'"  *Toguchi v. Chung*, 391 F.3d

17  1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).

18  "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent

19  to a prisoner's medical needs."  *Id.* at 1057.

20  "In the Ninth Circuit, the test for deliberate indifference consists of two parts."  *Jett v.*

21  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "First, the plaintiff must show a 'serious medical

22  need' by demonstrating that 'failure to treat a prisoner's condition could result in further

23  significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.* (quoting *McGuckin*,

24  974 F.2d at 1059).  "Second, the plaintiff must show the defendant's response to the need was

25  deliberately indifferent."  *Id.*  A plaintiff can show a defendant's response was deliberately

26  indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or

1  possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear

2  when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

3  shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*,

4  974 F.2d at 1059).

5      "A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and

6  disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057.  "Under this

7  standard, the prison official must not only 'be aware of facts from which the inference could be

8  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

9  inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'[D]eliberate

10  indifference to medical needs may be shown by circumstantial evidence when the facts are

11  sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4

12  (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).  Additionally, it is

13  established that deliberate indifference is found when a prison official "intentionally interfer[s]

14  with... treatment once prescribed." *Wakefield v. Thompson*, 177 F.3d 1160, 1165(9th Cir. 1999)

15  (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

16      Plaintiff's complaint alleges that he "was supposed to get an insulin pump implanted and

17  be housed in a Medical Facility."  Complaint at 4.  Plaintiff also alleges that "[d]efendants have

18  not complied with doctor's orders and the [c]ourts intention." *Id.*  While plaintiff's allegations

19  may support a claim, plaintiff has failed to identify the actions of any single defendant.  As such,

20  plaintiff's allegations are too vague to support a claim.  Plaintiff's complaint will therefore be

21  dismissed.

22                                          **III**

23      To proceed plaintiff must file a first amended complaint.  Any amended complaint must

24  show that the federal court has jurisdiction and that plaintiff's action is brought in the right place,

25  that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for

26  particular relief.  Plaintiff must identify as a defendant only persons who personally participated

in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588

F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

right if he does an act, participates in another's act or omits to perform an act he is legally

required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a

conspiracy, he must identify the participants and allege their agreement to deprive him of a

specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

R. Civ. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.

Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b).");  Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

point of a simplified pleading system, which was adopted to focus litigation on the merits of a

claim.");  Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

(affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El

v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim

and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

1 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,

2 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

3 the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

4 *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

5 The court (and defendants) should be able to read and understand plaintiff's pleading

6 within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many

7 defendants with unexplained, tenuous or implausible connection to the alleged constitutional

8 injury or joining a series of unrelated claims against many defendants very likely will result in

9 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

10 pursuant to FED. R. CIV. P. 41 for violation of these instructions.

11 An amended complaint must be complete in itself without reference to any prior

12 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

13 files an amended complaint, the original pleading is superseded.

14 Plaintiff is admonished that by signing an amended complaint he certifies he has made

15 reasonable inquiry and has evidentiary support for his allegations and that for violation of this

16 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R.

17 CIV. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

18 be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL.

19 ADMIN. CODE § 3005.

20 A prisoner may bring no § 1983 action until he has exhausted such administrative

21 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

22 *v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an

23 amended complaint he certifies his claims are warranted by existing law, including the law that

24 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

25 his action.

26 **IV**

1    Therefore,  IT IS HEREBY ORDERED that:

2        1.  Plaintiff's April 6, 2007, complaint is dismissed; and

3        2.  Plaintiff's is granted thirty-five (35) days from the date of this order to file a

4  first amended complaint.  Failure to file a first amended complaint may result in dismissal.

5  /////

6  Dated: February 4,2008

7                                        /s/ Arthur Alarcón
                                         UNITED STATES CIRCUIT JUDGE
8                                        Sitting by Designation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26