UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. BARNHARDT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES TILTON, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　／ | CASE NO. 1:07-cv-00539-LJO-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS<br><br>(Docs. 13, 14)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Findings and Recommendations Following Screening of Amended Complaint**

　　　Plaintiff Marcus J. Barnhardt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on April 6, 2007, in the Sacramento Division of the Eastern District of California.  (Doc. 1.)  Plaintiff's complaint was dismissed with leave to amend on February 4, 2008.  (Doc. 10.)  Plaintiff's case was reassigned to the Fresno Division on February 13, 2008.  (Doc. 11.)  Plaintiff filed his first amended complaint on March 11, 2008.  (Doc. 12.).

　　　On December 16, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Bryan Hui-Phi, Das Pac, K. Vilasane, and Felix Igbignosa for violating plaintiff's Eighth Amendment rights.  However, the court found that plaintiff's allegations do not give rise to any claims for relief against defendants James Tilton, James Yates, and A. Shimmin .  The court ordered plaintiff to either file an amended complaint or notify the court that he wishes to proceed only on his Eighth

1

Amendment claims. On December 29, 2008, plaintiff notified the court that he does not wish to amend and wishes to proceed only his Eighth Amendment claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Amended Complaint

Plaintiff is currently a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the acts he complains of occurred. Plaintiff names as defendants: James E. Tilton, Secretary of CDCR; James Yates, Warden of PVSP; Dr. Felix Igbignosa, CMO of PVSP; Bryan-Hui Phi, K. Vilasane, and Das Pac, doctors at PVSP; and A. Shimmin, CCII Appeals Specialist at PVSP.

Plaintiff alleges the following. Plaintiff is an insulin dependent diabetic. Plaintiff's medical history includes macular proliferative retinopathy, peripheral neuropathy, chronic hypoglycemia and hyperglycemia, and "trigger thumb." The previous chief medical officer had scheduled Plaintiff for surgery for an implanted insulin pump. Defendant Bryan H. Phi told Plaintiff that he would not follow these orders. Plaintiff claims that Dr. Phi refused to provide productive medication to Plaintiff. Defendant Igbignosa, in person and in his responses to Plaintiff's appeals, also refused to follow this order, and sent Plaintiff to several different doctors. This resulted in conflicting orders and mixed-up prescriptions. Igbignosa also prescribes inadequate pain medication, diabetes medication, and fails to order a proper diabetic

diet. Defendant Vilasane informed Plaintiff that "They don't do that [insulin pump surgery] here." Vilasane also failed to order a medical transfer to C.M.C. (California Men's Colony) and failed to provide adequate diabetes medication and a diabetic diet. Defendant Das Pac (also listed as "Pac Das" in Plaintiff's amended complaint) told Plaintiff that he would be better off at a medical facility with an insulin pump and a proper diet. Das Pac failed to order or recommend transfer or the insulin pump out of fear of being fired. Defendant A. Shimmin in reviewing Plaintiff's grievance regarding the insulin pump informed Plaintiff that PVSP does not do that, and recommended that Plaintiff see the yard doctor. Plaintiff alleges that defendant Tilton is also responsible for discriminating against diabetic inmates by not providing Plaintiff with a diabetic diet or insulin pump . (Doc. 12, pp. 5-8.)

Plaintiff also alleges that defendants Vilasane, Yates, and Tilton failed to transfer Plaintiff from PVSP despite the presence of valley fever, which diabetic inmates are more likely to contract. (Id., pp. 7-9.) Plaintiff seeks monetary damages and injunctive relief.

### C.     Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

(9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

4

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D.     Plaintiff's Claims

#### 1.     *Conditions of Confinement - Medical*

Plaintiff alleges that the defendants failed to provide Plaintiff with adequate medical care and diet for his diabetes. (Doc. 12, pp. 7-9.) A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).  Moreover, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Defendants Bryan Hui-Phi, Vilasane, and Das Pac allegedly failed to prescribe adequate diabetes medication, order a proper diabetic diet, and order or recommend surgery for an insulin pump for Plaintiff. (Doc. 12, pp. 5-7.)  Plaintiff has stated a cognizable Eighth Amendment claim against defendants Bryan Hui-Phi, Vilasane, and Das Pac.

Defendant Igbignosa allegedly told Plaintiff that Plaintiff would not be receiving surgery for an insulin pump despite the previous CMO's order.  Igbignosa allegedly shuffled Plaintiff from one doctor to another, resulting in a pattern of conflicting orders and mixed-up prescriptions.  Igbignosa allegedly refused to order surgery for Plaintiff's trigger thumb, prescribed inadequate pain medicine, and failed to order a proper diabetic diet. (Id., pp. 6-7.) Plaintiff has stated a cognizable Eighth Amendment claim against Igbignosa.

Plaintiff also alleges that defendants Vilasane, Tilton, and Yates violated Plaintiff's constitutional rights by not transferring Plaintiff out of PVSP because of the high risk of infection from valley fever. (Id., pp. 7-9.)  The facts that there is a risk of developing Valley Fever if

confined at Pleasant Valley State Prison and that Plaintiff may contract Valley Fever are insufficient to support a claim for violation of the Eighth Amendment.  The risk of serious harm to Plaintiff's health or safety had to have been substantial, and Defendants had to have knowingly disregarded that substantial risk.  Farmer, 511 U.S. at 847.  Plaintiff thus fails to state a cognizable Eighth Amendment claim against Vilasane, Tilton, and Yates regarding refusal to transfer Plaintiff because of the presence of valley fever.

### 2.   *Inmate Appeals*

Plaintiff claims that defendant Shimmin, by not responding in Plaintiff's favor regarding the insulin pump, violated Plaintiff's constitutional rights.  (Doc. 12, pp. 7-8.)  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.  The argument that anyone who knows

7

about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005)); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

     Based on Plaintiff's allegations, Plaintiff has alleged no facts indicating that defendant Shimmin violated Plaintiff's constitutional rights.  Adverse review of a prisoner's appeal is insufficient.   Plaintiff thus fails to state a cognizable claim against defendant Shimmin.

        **3.**     ***Supervisory Liability***

     Plaintiff has named Warden Yates, CDCR Secretary Tilton, and CMO Igbignosa as defendants, each of whom holds a supervisory position.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

     As stated previously, Plaintiff does state a cognizable claim against defendant Igbignosa. However, Plaintiff fails to state a cognizable claim against defendants Yates or Tilton.  Plaintiff fails to allege some facts that indicate Yates or Tilton personally participated in the alleged

deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.

## II.     Conclusion

Plaintiff has stated a cognizable claim against defendants Bryan Hui-Phi, Das Pac, K. Vilasane, and Felix Igbignosa for deliberate indifference to a serious medical need, but states no cognizable claims against defendants James Tilton, James Yates, and A. Shimmin.  The court provided plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court.  Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Hui-Phi, Pac, Vilasane and Igbignosa on plaintiff's Eighth Amendment claims; and

2. Defendants James Tilton, James Yates, and A. Shimmin be dismissed from this action for Plaintiff's failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 6, 2009**                 /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE