**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. BARNHARDT, | Case No. 1:07-cv-00539-DLB (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| JAMES E. TILTON, et al., | |
| Defendants. | (Docs. 33, 43) |

Plaintiff Marcus J. Barnhardt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against defendants Felix Igbinosa, Das Pac, K. Vilaysane, and Bryan Huy Phi for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1]

On April 24, 2009, Defendants Pac Das and Felix Igbinosa filed a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b). (Doc. 33, Defs. Das and Igbinosa's Mot. To Dismiss.) On July 16, 2009, Defendants K. Vilaysane and Huy Phi filed a motion to dismiss for failure to exhaust

---

[1] Defendants Igbinosa, Vilaysane, and Huy Phi were erroneously named in Plaintiff's amended complaint as "Igbignosa," "Vilasane," and "Hui Phi," respectively. The Court will use the correct spelling of defendants' names throughout this Order.

1

administrative remedies.  (Doc. 43, Defs. Vilaysane and Huy Phi's Mot. To Dismiss.)  On August 7, 2009, after receiving an extension of time, Plaintiff filed his opposition to Defendants' motions.  (Doc. 51, Pl.'s Opp'n.)[2]  No reply was filed.  The matter is deemed submitted pursuant to Local Rule 78-230(m).

I. **Summary of Plaintiff's Amended Complaint**

Plaintiff alleges that he is an insulin dependent diabetic, and his medical history includes macular proliferative retinopathy, peripheral neuropathy, chronic hyoglycemia and hyperglycemia, and "trigger thumb."  Plaintiff alleges that he had previously been scheduled for surgery for an implanted insulin pump by the previous chief medical officer.  While housed at Pleasant Valley State Prison ("PVSP"), Defendant Huy Phi told Plaintiff that he would not follow these orders.  Plaintiff claims that Defendant Igbinosa also refused to follow this order, and sent Plaintiff to several different doctors, which resulted in conflicting medical orders and mixed-up prescriptions.  Plaintiff alleges that Defendant Igbinosa prescribed inadequate pain and diabetes medication, and failed to order a proper diabetic diet.  Plaintiff alleges that Defendant Vilaysane informed Plaintiff that PVSP does not do the insulin pump surgery.  Defendant Vilaysane allegedly failed to order a medical transfer and failed to provide adequate diabetes medication and a proper diet.  Defendant Pac Das allegedly told Plaintiff that he would be better off at a medical facility with an insulin pump and proper diet, but failed to order or recommend a transfer for fear of being fired.  Plaintiff also alleges that Defendant Vilaysane failed to transfer Plaintiff from PVSP despite the presence of valley fever, which diabetic inmates are more likely to contract.

II. **Failure to Exhaust Administrative Remedies**

*1. Legal Standard*

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 4, 2009.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 19.)

available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (Deering 2009).  The process is initiated by submitting a CDC Form 602.  Id. § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at 1199-1201.

Plaintiff does not have to name each defendant in his grievance form.  See Jones v. Bock, 549 U.S. 218-19 (2007) ("The level of detail necessary in a grievance to comply with the

3

1 grievances procedures will vary from system to system and claim to claim, but it is the prison's
2 requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . .
3 [E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in
4 the grievances."). The inmate appeal form CDC-602 does not require identification of specific
5 individuals. See Cal. Code Regs., tit. 15 § 3084.2(a).

6 **III.    Arguments**

7      Defendants contend that Plaintiff failed to exhaust administrative remedies for all his
8 claims prior to filing this action.[3] Plaintiff filed this action on April 6, 2007, and as required by
9 the PLRA, must have exhausted administrative remedies before filing. Defendants contend that
10 Plaintiff filed several grievances concerning the claims raised in this action, but none of these
11 claims were exhausted at the Director's Level prior to the filing of this suit. (Doc. 33, Mot. To
12 Dismiss 5:11-12.) Defendants submit Plaintiff's grievances that concerned conditions at PVSP.

13      Grievance No. PVSP-A-06-02989 concerned Plaintiff's request for a medical transfer.
14 (Doc. 33, Exh. B, pp.2-3.) It was received on September 24, 2006. (Exh. B, p. 2.) The
15 Director's Level issued its review of grievance No. PVSP-A-06-02989 on June 8, 2007. (Doc.
16 33, Exh. A, Attach. 1.)

17      Grievance No. PVSP-A-07-00084 concerned Plaintiff's request for adequate pain
18 medication and a medical mattress. (Exh. B, pp. 4-5.) It was received on December 13, 2006.
19 (Exh. B, p. 4.) The Director's Level issued its review of this grievance on July 27, 2007. (Exh.
20 A, Attach. 1.)

21      Grievance No. PVSP-A-07-02346 concerned Plaintiff's request for treatment for his
22 thumb. (Exh. B, pp. 6-7.) It was received on July 2, 2007. (Exh. B, p. 6.) The Director's Level
23 issued its review on December 20, 2007. (Exh. A, Atach. 1.)

24      Grievance No. PVSP-A-02774 was a CDCD 1824 (reasonable modification or
25 accommodation request) for an insulin pump and transfer to a medical facility. (Exh. B, pp. 8-
26 11.) It was submitted on August 28, 2007, and reviewed on September 11, 2007 at the First

27

28    [3] Defendants Vilaysane and Huy Phi's motion to dismiss raises the same arguments as Defendants Das and Igbinosa's motion to dismiss. The Court will thus cite to Defendants Das and Igbinosa's motion only.

4

1  Level. (Exh. B, pp. 8-9.) As of March 11, 2009, the Director's Level has not issued a review.

2  Based on the submitted evidence, Defendants have met their burden of demonstrating that
3  Plaintiff failed to exhaust administrative remedies prior to filing this action. The burden thus
4  shifts to Plaintiff to rebut Defendants' arguments.

5  Plaintiff contends that any premature filing on his part was fixed because he filed his
6  amended complaint in March 11, 2008. (Doc. 51, Pl.'s Opp'n 1.) Plaintiff contends that he has a
7  partial grant of grievance No. PVSP-A-02774 as of September 11, 2007. (Pl.'s Opp'n 1.)
8  Plaintiff contends that he has filed numerous 602 appeals concerning his medical care, but the
9  prison administration lost or threw them away. (Pl.'s Opp'n 2.) Plaintiff contends that a Fresno
10 Superior Court in ruling on Plaintiff's habeas corpus petition found that he had exhausted
11 administrative remedies. (Pl.'s Opp'n, Exh. 4.) Plaintiff contends that numerous divisions of the
12 CDCR are aware of Plaintiff's medical issues. (Pl.'s Opp'n, Exh. 6.)

13 "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to
14 the district clerk . . . ." Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford
15 v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004)). Here, Plaintiff brought this action on April 7,
16 2007. (See Doc. 1, Pl.'s Compl.) It does not matter that Plaintiff later filed an amended
17 complaint; that did not change the date of the filing of this action.

18 Furthermore, in order to satisfy § 1997e(a), California state prisoners are required to use
19 the inmate grievance process to exhaust their claims prior to filing suit. Ngo, 548 U.S. at 86.
20 Plaintiff's notification of his medical issues to other divisions of CDCR does not exempt
21 Plaintiff from having to exhaust administrative remedies using the inmate grievance process.
22 The finding by the Fresno Superior Court that Plaintiff exhausted administrative remedies does
23 not cure the deficiencies here. The Fresno Superior Court found that Plaintiff had exhausted
24 administrative remedies for the claims alleged therein as of June 7, 2007. (Pl.'s Opp'n, Exh. 4.)
25 As previously stated, Plaintiff brought this action on April 7, 2007, well before exhaustion
26 occurred. Plaintiff's contention that numerous other 602 appeals were lost or destroyed is
27 unsupported by any evidence. The Court finds that Plaintiff has failed to exhaust administrative
28 remedies, and therefore the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at

1119-20.

IV. **Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS that:

1) Defendants Das and Igbinosa's motion to dismiss for failure to exhaust administrative remedies, filed on April 24, 2009, is GRANTED;

2) Defendants K. Vilaysane and Bryan Huy Phi's motion to dismiss for failure to exhaust administrative remedies, filed on July 16, 2009, is GRANTED; and

3) This action is DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **October 13, 2009**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE